HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE T ZUNIGA, et al., | CASE NO. C17-5176RBL |
| Plaintiffs, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| STANDARD GUARANTY INSURANCE COMPANY, et al., | [Dkt. #s 14 and 15] |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Zuniga's Motion to Remand [Dkt. #15] Zuniga[1] purchased a home in Tacoma in 2015. He apparently failed to obtain a homeowner's insurance policy as required by his lender, Select Portfolio Servicing. As a result, SPS purchased a "policy /certificate" from Defendant Standard Guaranty Insurance Company, and paid for it from Zuniga's escrow account. SPS informed Zuniga that it had done so, and why, and explained both that he was obliged to have insurance, and that he had the right to obtain better insurance of his choice; this particular insurance "policy/certificate" was more expensive and had less coverage than "normal" homeowner's insurance policies. [Dkt. #14-1]

---

[1] Zuniga's spouse, Maria Aburto is also a plaintiff. This Order will use the singular reference "Zuniga" for clarity. No disrespect is intended.

In 2016, the home was damaged by fire. Zuniga made a claim under the Standard Guaranty policy. Standard Guaranty hired and independent adjuster (Defendant Assurant Specialty Property) to handle the claim. Assurant engaged one of its employees, Defendant John Lewton, to actually do the adjusting. Like Zuniga, Lewton lives in Washington. Standard and Assurant reside in other states.

Lewton offered Zuniga $23,000 to settle his claim. Zuniga claims that is less than a third of the damage suffered. Zuniga also claims that Lewton and Assurant and Standard failed to do much of anything to secure or repair the home. Zuniga sued in Pierce County superior Court, asserting nine claims including breach of contract, bad faith, negligence, discrimination, Washington Consumer Protection Act claims, and constructive fraud.

Defendants removed the case, invoking this Court's diversity[2] jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). They claimed that Lewton (the Washington defendant) was fraudulently joined and that his citizenship should be disregarded for diversity purposes. They argue that Lewton was joined for the sole purpose of destroying diversity.

Zuniga seeks Remand, arguing there is no diversity jurisdiction because Lewton was not fraudulently joined. Meanwhile, Defendants have moved to dismiss Lewton, arguing that Zuniga's claims against him fail as a matter of law. [Dkt. #] The Court will address the jurisdictional issue first.

The Defendants argue that Zuniga fraudulently joined the Washington resident, Lewton, to destroy diversity, and that his citizenship should be disregarded for purposes of ascertaining diversity jurisdiction.

---

[2] The parties do not dispute that the amount in controversy exceeds $75,000. It is also undisputed that Zuniga and Lewton are Washington citizens.

**A. Remand Standard**

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Diversity jurisdiction requires that each defendant be a citizen of a different state than any plaintiff. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). A non-diverse defendant that has been "fraudulently joined," however, may be ignored when the court determines the existence of diversity. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

"Fraudulent joinder" is a term of art. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a cause of action against that defendant, and that failure is "obvious according to the settled laws of the state." *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined. *Id.* Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

**B. Zuniga's claims against Lewton.**

Defendants argue that Lewton was fraudulently joined because Zuniga has no legitimate, plausible claims against him; Lewton cannot be liable to Zuniga on any theory. They argue that he was instead named solely to destroy diversity.

Defendants' arguments are based primarily on a Washington case they claim holds that independent insurance adjusters owe no duties to insured claimants, at least in the absence of a direct contract between them. As a result, they argue, Zuniga's CPA, bad faith, negligence claims against Lewton are simply not viable.

They primarily rely on *Int'l Ultimate, Inc, v. St. Paul Fire & Marine Ins. Co.*, 122 Wn App. 736, 758 (2004), which involves an different sort of claim and a different sort of contractual arrangement among the insurer and its adjuster. Nevertheless, the case does include the following analysis of the issue:

> To be liable under the CPA, there must be a contractual relationship between the parties. Here, the contractual relationship was between IUI and its insurance providers. We dismiss IUI's claim against Zeller because the CPA does not contemplate suits against employees of insurers.

*Int'l Ultimate* at 787. There are at least two problems with this. First, (as defendants concede) it is simply not correct that a CPA claim necessarily depends on the existence of a contract between the parties. Such a claim has five well-established elements, not one of which is a contract: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting public interest; (4) injuring plaintiff in his or her business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531 (1986) (en banc).

Second, the "holding"—not the *reasoning*; there is none of that—that the CPA does not "contemplate suits against employees of insurers" is, as other cases have since pointed out,

dubious. Why doesn't it? Why is there such a specific exception, and why did the legislature fail to include it in the statute's text? The holding has no analysis and no citations.

Defendants claim that the result nevertheless stands, and that it is consistent with the rule that agents acting in the scope of their employment "are protected" from liability. But that is not entirely accurate, either. In the tort context, the import of the agent's "acting in the scope of his authority" (as opposed to being on a "frolic and detour") is that the plaintiff can hold the principal vicariously liable for the tort, but it is almost always true that he can also sue and recover from the agent. *See* Restatement (Third) of Agency, §7.01 (2006). The agent's "protection" from liability applies in a more limited context, where "the agent, so acting within the scope of his employment as to bind his principal, honestly believes representations made by him to induce the purchaser to contract with his principal to be true, he is not liable either on the contract or as for a tort." *Lasman v. Calhou, Denny & Ewing,* 111 Wash. 467, 470 (1920), cited in *Annechino v. Worthy*, 175 Wash.2d 630, 637 (2012). The Court cannot determine the honesty of the agent's motives or beliefs at this stage.

Zuniga[3] argues that a recent Washington appellate opinion instead holds that an insured can assert a viable CPA claim against an independent adjuster, and against an employee of an insurance company. *See Merriman v American Guarantee & Liability Insurance Co*., 2017 WL 1330469 (Div. 3, April 11, 2017). But *Merriman* also involves a different sort of claim and a different sort of contractual arrangement—the adjuster there was hired for a much broader set of tasks, including some intended to benefit the insureds. The insured's CPA claim against the adjuster was held to be viable. Defendants point out that the primary difference is that the scope of the adjuster's agreement with the insurer, and that is a good argument. But it undermines the

---

[3] Zuniga also points out that Lewton was *Assurance's* employee, *not* the insurance company's employee.

Defendants' claim that *In'tl Ultimate* provided a bright line, obvious blanket prohibition on CPA claims against an insurer's employee.

Finally, the issue is not whether the claim can ultimately survive a motion to dismiss or for summary judgment—the remaining defendants will presumably argue at some point that Zuniga's claims against them are also fatally flawed and should be dismissed—it is whether Lewton was fraudulently joined. There is a difference between a claim that the plaintiff's claims against the defendants generally should be dismissed, and the argument that the plaintiff's claim against one of them is so obviously without merit that it is fraudulent.

The Court cannot conclude that Zuniga "obviously" has "no theory of recovery" against Lewton under the "well-settled law" of Washington, and thus cannot conclude that he was fraudulently joined in this case.

The Motion to Remand is GRANTED and this case is REMANDED to the Pierce County Superior Court. The Court will not entertain a motion for fees. Lewton's Motion to Dismiss [Dkt. #14] is DENIED as moot, and without prejudice to re-file in state court.

IT IS SO ORDERED.

Dated this 24th day of May, 2017.

Ronald B. Leighton
United States District Judge